UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



FILED
DEC 1 7 2009

***

UNITED STATES OF AMERICA,

Plaintiff,

vs.

WALTER PERRIN,

Defendant.

CR 09-40052

ORDER

***

After having reviewed the file including Defendant's Objections to the Report and Recommendation as well as the Defendant's Post-Hearing Legal Memorandum and Submission of Supplemental Authority, the Court does overrule the Defendant's Objections to the Report and Recommendation, and does adopt the Report and Recommendation with the following qualifications.

The Court does agree with the Report and Recommendation that the atmosphere of the search was police dominated but disagrees that the atmosphere of Scherer's interview of the Defendant was not. There were seven law enforcement personnel in this small house and there were additional patrol cars with other policemen outside who were securing the perimeter of the house. The record does not show how many additional policemen and police vehicles were outside securing the perimeter of the house. Even though no strong arm tactics were used in the interview that does not keep the interview of Walter Perrin from being police dominated. The Defendant was told, if not instructed, to go into a separate room after a forced entry by seven law enforcement personnel, at least some of which had protective vests on and at least some of which were armed. Agent Scherer apparently took his vest off before the interview of the Defendant but apparently Scherer still was armed and apparently the holstered weapon was visible during the interview. The interview itself was also police dominated, but not so much so that a custody finding is warranted which would require a *Miranda* warning.

By adoption of the Report and Recommendation, this Court does not wish to be on record as holding that in no instance is a Defendant's mental functioning not relevant in determining whether or not the Defendant was in custody when the Defendant gives a statement to an investigator. It is true that voluntariness is a separate issue but at some level objective mental limitations are a consideration in determining whether or not a *Miranda* warning should be given. The record in the present case does not establish that Mr. Perrin demonstrated any objective mental limitations at the time of the interview which would have to be considered in determining whether or not a *Miranda* warning should have been given. Defendant Perrin did not testify at the suppression hearing. This Court believes that the same caveat just explained is likewise the position taken in the Report and Recommendation where *United States v. Galceran*, 301 F.3d 927, 929 (8th Cir. 2002) is cited and quoted as follows: "We measure *Miranda's* custody requirement objectively, evaluating how a reasonable person in the suspect's position would have understood the situation. For the purpose of this evaluation, a reasonable person does not have a guilty state of mind or peculiar mental or emotional conditions that are not apparent to the questioning officer." Accordingly, a peculiar mental or emotional condition that is apparent to a questioning officer would have to be considered in determining whether or not a *Miranda* warning should be given. No peculiar mental or emotional condition was apparent at the time of this interview, and the interview was not so fully police dominated at the Defendant's house so as to require a *Miranda* warning. With these additional comments,

IT IS ORDERED:

1. That the Report and Recommendation, as altered by these comments, is ADOPTED by the Court, and the Defendant's Objections to the Report and Recommendation are overruled, and the Motion to Suppress is DENIED.

Dated this 17th day of December, 2009.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Summer Vahle
DEPUTY